IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| CURTIS LEE SHEPPARD, JR., #1656666 | § | |
| VS. | § | CIVIL ACTION NO. 6:17cv439 |
| DIRECTOR, TDCJ-CID | § | |

## ORDER OF DISMISSAL

Petitioner Curtis Lee Sheppard, Jr., an inmate confined at the Michael Unit of the Texas prison system, proceeding *pro se*, filed the above-styled and numbered petition for a writ of habeas corpus challenging a prison disciplinary case pursuant to 28 U.S.C. § 2254. The petition was referred to United States Magistrate Judge K. Nicole Mitchell, who issued a Report and Recommendation (Dkt. #18) concluding that the petition should be denied. Mr. Sheppard has filed objections. (Dkt. ##23,24). Having conducted a *de novo* review of the petition, the Report and Recommendation, and Mr. Sheppard's objections, the court finds that the cause of action should be dismissed.

Mr. Sheppard is challenging a prison disciplinary case for failing to obey an order, Case Number 2017019398. He cites several other numbers, which the Director appropriately observes relate to grievance numbers. The Disciplinary Report and Hearing Record from Case Number 2017019398 reveals that his punishment consisted of only the loss of commissary privileges for 45 days, cell restrictions for 45 days, and remain at line class one. He did not lose good time.

Mr. Sheppard may not obtain federal habeas relief with respect to a prison disciplinary case unless he has been deprived of a right secured by the United States Constitution or the laws of the United States. *Malchi v. Thaler*, 211 F.3d 953, 957 (5th Cir. 2000). As a threshold matter, he must show that the punishment he received encroached upon a liberty interest protected by the Due Process Clause of the Fourteenth Amendment. *Sandin v. Conner*, 515 U.S. 472, 484-85 (1995). An inmate is not entitled to the procedural protections afforded by the Constitution unless he shows he was denied a protected liberty interest. *Id.* at 487. The Court held that "discipline in segregated confinement did not present the type of atypical, significant deprivation in which a state may conceivably create a liberty interest." *Id.* at 486. Following *Sandin*, the Fifth Circuit has regularly considered whether the circumstances surrounding an inmate's disciplinary case involve a protected liberty interest. A protected liberty interest is at stake only if a prisoner loses good time and is eligible for release on mandatory supervision. *See, e.g.*, *Teague v. Quarterman*, 482 F.3d 769, 777 (5th Cir. 2007); *Malchi*, 211 F.3d at 957-58; *Dorsey v. McFarlin*, 609 F. App'x 266, 267 (5th Cir. 2015).

In the present case, Mr. Sheppard did not lose any good time; thus, the punishment he received did not involve a protected liberty interest. Federal habeas corpus relief is unavailable with respect to the disciplinary case due to the absence of a protected liberty interest.

In his objections, Mr. Sheppard correctly notes that he was required to exhaust his prison grievance remedies, hence he cited the grievance numbers, but the exhaustion requirement is irrelevant to the issue of whether he had a protected liberty interest respect to Case Number 2017019398. Mr. Sheppard also attached a number of Disciplinary Reports and Hearing Records

from other disciplinary cases that are not part of this lawsuit. Issues raised for the first time in objections to a Report and Recommendation are not properly before a court. *United States v. Armstrong*, 951 F.2d 626, 630 (5th Cir. 1992); *Harrison v. Smith*, 83 F. App'x 630, 631 (5th Cir. 2003). It should also be noted that the punishment he received in many of these cases did not involve the loss of good time; thus, once again, a protected liberty interest was not at stake. Furthermore, many of these disciplinary cases occurred more than a year ago, and consideration of these cases is barred by the one year statute of limitations. 28 U.S.C. § 2244(d)(1). In any event, these additional disciplinary cases are not properly before the court.

The Report of the Magistrate Judge, which contains her proposed findings of fact and recommendations for the disposition of such action, has been presented for consideration, and having made a *de novo* review of the objections raised by Mr. Sheppard to the Report, the court is of the opinion that the findings and conclusions of the Magistrate Judge are correct, and Mr. Sheppard's objections are without merit. It is therefore

**ORDERED** that the petition for a writ of habeas corpus is **DENIED** and the case is **DISMISSED** with prejudice. A certificate of appealability is **DENIED**. All motions not previously ruled on are **DENIED**.

**So Ordered and Signed**
**Dec 19, 2017**

_____
Ron Clark, United States District Judge